UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

July 25, 2022

LETTER TO ALL COUNSEL OF RECORD

Re: *Michelle A. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-1200-BAH

Dear Counsel:

On May 17, 2021, Plaintiff Michelle A. ("Plaintiff" or "Claimant") petitioned this Court to review the Social Security Administration's ("SSA" or "Commissioner" or "Defendant") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. I have considered the record in this case, the parties' cross-motions for summary judgment and Plaintiff's reply. ECF 10, 13, 19, 22. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY both motions, REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

I. **BACKGROUND**

Plaintiff filed a Title II application for a period of disability and disability insurance benefits ("DIB") on January 16, 2019, alleging a disability onset of January 1, 2017.[1] Tr. 231–34. Plaintiff subsequently amended the disability onset date to July 25, 2018. Tr. 253. Plaintiff's claim was denied initially and on reconsideration. Tr. 121–24, 134–40. On September 22, 2020, and December 22, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 52–84, 38–51. Following the hearings, on February 1, 2021,[2] the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 20–37. The Appeals Council denied Plaintiff's request for review, Tr. 7–12, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] The exhibit preceding Plaintiff's filed application (Exhibit 2D), titled "Third Party Unsigned Application" and dated January 15, 2019 (Exhibit 1D), contains much of the same information as the filed application but lists "September 1, 2017" as the "Start Date of Disability." *See* Tr. 228.

[2] The record reflects instances where February 4, 2021, is incorrectly listed as the date of the ALJ's decision, including on the decision itself. *See* Tr. 32. However, the Court Transcript Index, ECF 10-2 at 1, and more importantly, Plaintiff's request for review of the ALJ's decision dated February 3, 2021, Tr. 226, accurately list the decision's date as February 1, 2021.

*Michelle A. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-1200-BAH
July 25, 2022
Page 2

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). In *Patterson v. Commissioner of the Social Security Administration*, the Fourth Circuit summarized the step-by-step evaluation process that the SSA regulations instruct ALJs to follow when determining disability benefits. *Patterson v. Comm'r, Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017) (citing § 404.1520(a)(1)). "Steps 1 through 3 ask: (1) whether the claimant is working; (2) if not, whether she has a 'severe impairment'; and (3) if she does, whether the impairment 'meets or equals a listed impairment.'" *Id.* (quoting § 404.1520). "Satisfying step 3 warrants an automatic finding of disability, and relieves the decision maker from proceeding to steps 4 and 5." *Id.* (citing § 404.1520(d); *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990)).

In this case, at step one, the ALJ found that Plaintiff had "not engaged in substantial gainful activity since July 25, 2018, the amended alleged onset of disability date (20 CFR 404.1571 et seq.)." Tr. 25. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "dysfunction of major joints, spine disorder, and multiple sclerosis (20 CFR 404.1520(c))." Tr. 25. The ALJ also found that Plaintiff has the following non-severe impairments: a vision disorder, obesity, anxiety disorder, and attention deficit hyperactivity disorder ("ADHD"). Tr. 26.

Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 404.1567(b) except: frequent use of hand controls on the right; frequent handling and fingering on the right; frequent stairs; frequent balancing, stooping, kneeling, crouching, and crawling; occasional ladders." Tr. 27. The ALJ determined that Plaintiff was "capable of performing past relevant work as a credit analyst (DOT[3] 160.267-022)" because "[t]his work does not require the performance of work-related activities precluded by [Plaintiff's RFC] (20 CFR 404.1565)." Tr. 31. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 32.

## II. **ANALYSIS**

Plaintiff's sole argument on appeal is that the ALJ's RFC determination is unsupported by substantial evidence. Pl.'s Br. 8–21, ECF 13-1. More specifically, Plaintiff contends that the ALJ erroneously failed to "determine[] on a function-by-function basis how the combination of Plaintiff's non-severe mental and her physical limitations affected her ability to maintain the type of mental functioning required of her past relevant work at step four of the sequential evaluation

---

[3] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Michelle A. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-1200-BAH
July 25, 2022
Page 3

process." *Id.* at 14. Since the ALJ determined that Plaintiff has a "mild" limitation in the functional area of "concentrating, persisting or maintaining pace" due to her non-severe mental impairments, particularly anxiety and ADHD, the ALJ was obligated to analyze whether "her symptoms would still impair her ability to perform [these functions] in a competitive work environment." *Id.* at 12–13 (citing Tr. 26). Further, Plaintiff alleges that the ALJ should have considered whether her non-severe impairments, specifically anxiety and ADHD, when combined with her severe impairment of multiple sclerosis, would have an impact on her ability to work. *Id.* at 14–15. Thus, Plaintiff argues, the ALJ's error mandates remand.

Defendant counters that the ALJ's findings and conclusions are supported by substantial evidence because the ALJ "considered relevant evidence concerning her attention and concentration, as well as her ability to complete tasks." Def.'s Br. 6–8, ECF 19-1. Defendant contends that "the ALJ considered [Plaintiff's] allegations along with medical evidence documenting exams and improvement with medication, as well as her daily activities." *Id.* at 6 (citing Tr. 26, 28–29). Even if the ALJ "failed to articulate his findings with sufficient clarity and specificity . . . Defendant respectfully asserts that any error is at most harmless where the ALJ's decision demonstrates that he considered the full record and substantial evidence supports the ALJ's conclusions." *Id.* at 8. Plaintiff maintains that "[i]t remains unclear why the ALJ did not even summarize or discuss *any* of the mental health evidence contained in the record during his RFC discussion." Pl.'s Reply 8, ECF 22 (emphasis in original). "Instead, Defendant makes arguments the ALJ should have provided in the first place, in an attempt to persuade this Court that the ALJ did not violate the mandates under SSR 96-8p." *Id.* (citing Def.'s Br. 5–6, ECF 19-1).

The Court first considers Plaintiff's claim that the ALJ failed to support Plaintiff's RFC determination with substantial evidence. At step two, the ALJ reasoned that Plaintiff has a mild limitation in the functional area of CPP because "[r]ecords show she has complained of decreased attention but use of Adderall has been effective (Ex. 2F, 8F)." Tr. 26 (citing Tr. 367–422 (Ex. 2F, Office Treatment Records from Wellesley Behavioral Health, dated January 24, 2017 to June 26, 2018), Tr. 606–47 (Ex. 8F, HIT MER from Johns Hopkins Medicine, dated February 14, 2018 to April 24, 2019); also generally citing Tr. 208–88 (Ex. 5E, Plaintiff's Function Report, dated April 1, 2019), Tr. 295–307 (Ex. 7E, Third Party Function Report, dated June 28, 2019), Tr. 38–84 (HT)). This is the extent to which the ALJ supported finding Plaintiff's mild limitation in this functional area. The ALJ recognized that, "[t]he limitations identified in the 'paragraph B' criteria are not a [RFC] assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process." Tr. 27. "The mental [RFC] assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment." Tr. 27. The ALJ assured that "[t]he following [RFC] assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis." Tr. 27.

"In determining the most a claimant can still perform, the decision maker must evaluate 'all' relevant record evidence." *Patterson*, 846 F.3d at 659. "This RFC assessment is a holistic and fact-specific evaluation; the ALJ cannot conduct it properly without reaching detailed conclusions at step 2 concerning the type and severity of the claimant's impairments." *Id.* "The

*Michelle A. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-1200-BAH
July 25, 2022
Page 4

special-technique regulation affects how an ALJ evaluates and documents his process at steps 1 through 4 if the claimant alleges a mental impairment." *Id.* (citing 20 C.F.R. § 404.1520a). "When evaluating and documenting the severity of a claimant's <u>mental</u> impairment at steps 2 and 3—and its concomitant impact on the RFC assessment relevant to step 4—the ALJ '<u>must</u> follow [the] special technique.'" *Id.* (citing 20 C.F.R. § 404.1520a(a)) (emphasis in the original). The *Patterson* court further explained the "special-technique" as follows:

> Under the special-technique regulation, if the ALJ determines that a mental impairment exists, he "must specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s) and document [his] findings." [20 C.F.R.] § 404.1520a(b)(1). The ALJ must also document "a specific finding as to the degree of limitation in each of" the four areas of functional limitation listed in § 404.1520a(c)(3). *Id.* § 404.1520a(e)(4). In the first three areas of functional limitations—(a) activities of daily living, (b) social functioning, and (c) concentration, persistence, or pace—the ALJ must rate the degree of limitation using "the following five-point scale: None, mild, moderate, marked, and extreme." *Id.* § 404.1520a(c)(4). The ALJ must rate the fourth functional area—(d) episodes of decompensation—using "the following four-point scale: None, one or two, three, four or more." *Id.* Next, the ALJ must determine if the mental impairment is severe, and if so, whether it qualifies as a listed impairment. *Id.* § 404.1520a(d). If the mental impairment is severe but is not a listed impairment, the ALJ must assess the claimant's RFC in light of how the impairment constrains the claimant's work abilities. *See id.* § 404.1520a(d)(3). The regulation specifically provides that the ALJ must document all of the special technique's steps. *Id.* § 404.1520a(e)(4).

*Id.* The *Patterson* court opined that "the weight of authority suggests that failure to properly document application of the special technique will rarely, if ever, be harmless because such a failure prevents, or at least substantially hinders, judicial review." *Id.* at 662 (citing *Kohler v. Astrue*, 546 F.3d 260, 267 (2d Cir. 2008); *Mascio v. Colvin*, 780 F.3d 632, 636–37 (4th Cir. 2015) (finding reversible error where ALJ failed to employ a parallel special-technique regulation for assessing supplemental security income benefits claims)). "Without documentation of the special technique, it is difficult to discern how the ALJ treated relevant and conflicting evidence." *Id.* (citing *Mascio*, 780 F.3d at 637 (refusing to hold that ALJ's lack of reasoning constituted harmless error "[b]ecause we are left to guess about how the ALJ arrived at his conclusions" regarding an RFC assessment); *Myers v. Califano*, 611 F.2d 980, 983 (4th Cir. 1980)).

Here, the ALJ's RFC analysis runs afoul of Fourth Circuit case law due to the ALJ's failure to properly document their application of the special technique in determining Plaintiff's RFC. *See Patterson*, 846 F.3d at 659; *see also Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019) (finding that "the ALJ's analysis of [the plaintiff's] RFC contains too little logical explanation" for the court to conduct meaningful review, particularly finding that "the ALJ drew no explicit conclusions about how [the plaintiff's] mental limitations affect her ability to perform job-related tasks for a full workday—a benchmark established by the [SSA's] own regulations. SSR 96-8pm 1996 WL 374184 at *2 (July 2, 1996)); *id.* (citing *Mascio*, 780 F.3d at 637 ("[S]tating that ALJ's

Case 1:21-cv-01200-BAH   Document 23   Filed 07/25/22   Page 5 of 5

*Michelle A. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-1200-BAH
July 25, 2022
Page 5

RFC analysis was 'sorely lacking' because, among other things, the ALJ 'said nothing about [the claimant's] ability to perform [job-related functions] for a full workday.'")).

After articulating Plaintiffs RFC, the ALJ explained that the ensuing analysis of Plaintiff's symptoms, and the extent to which they could reasonably be accepted as consistent with the objective medical evidence and other evidence, comports with the requirements of 20 C.F.R. § 404.1529 and SSR [Social Security Ruling] 16-3p. Tr. 27. The SSA promulgated the authority properly cited by the ALJ to guide adjudicators in evaluating symptoms. However, the ALJ failed to carry out the task of following said authority. The ALJ recognized that "[Plaintiff] contended that her symptoms affect her ability to lift, bend, sit, remember, and complete tasks," Tr. 28 (citing Tr. 285, Section D of Plaintiff's Function Report), but found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 28.

As Plaintiff correctly points out, the rest of the ALJ's RFC analysis lacks *any* analysis of Plaintiff's mental impairments, let alone a function-by-function analysis that would illuminate whether Plaintiff is capable of performing any kind of work on a consistent and competitive basis. See Tr. 28–31 for the remainder of the ALJ's RFC analysis. The ALJ's omission of *any* discussion of the non-severe mental impairments precludes this Court's ability to meaningfully review whether Plaintiff's mild CPP limitation is addressed by the RFC, which is therefore not supported by substantial evidence. Accordingly, akin to the Fourth Circuit's findings in *Mascio*, *Patterson*, *Thomas*, and their progeny, the ALJ's failure to articulate a reviewable RFC is harmful error and remand is warranted. In remanding for further explanation, I express no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

Because the case is being remanded on other grounds, I need not address the other examples provided by Plaintiff to illustrate how the ALJ's RFC error led to an incorrect step four determination. On remand, the ALJ can consider these arguments and make any required adjustments to the opinion.

### III.  CONCLUSION

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 13, is DENIED and Defendant's motion for summary judgment, ECF 19, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/
Brendan A. Hurson
United States Magistrate Judge